# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**CHIZVETA L. STEPHENSON**                                                      **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 3:10CV-252-S**

**HONOR JUDGE** *et al.*                                                         **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Chizveta L. Stephenson filed a *pro se* complaint proceeding *in forma pauperis*. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss the action.

### I. SUMMARY OF CLAIMS

Plaintiff used a court-supplied general complaint form to initiate this lawsuit. In the case caption, Plaintiff states: "defendant is honor Judge ct. rm. 304." In the section of the complaint form requesting Plaintiff to list the names and addresses of Defendants, he states: "the Metro Crew involved" and refers to the police and public defender. In the section requesting Plaintiff to state the grounds for filing his case in federal court, he writes, "very disrespectful didn't care who I was said a lie I can be lock-down for what I didnt do." Where the form requests Plaintiff to write a statement of the claim, Plaintiff states:

> These defendants are involved because the PD never will tell the truth I said to everyone involved I was inicent like sitting after been turned away from a place to stay homeless. School age strangers along bus stop and a police & cab plus pharmacy of Walgreens acting on it. I will not hit you with any body part & why would you come here. I know Police is there & acting a cab driver with weapon. Help asked for

Finally, in Plaintiff's prayer for relief, he states:

> Do give me my valuables Im in Jail with bought them receipts here; Do Police drive on I will not call you again for Kids on bus stop; and Don't pretend thats fake about you know me and I am not a kid; I will if could stand it do almost (no badge) do that back fight on probation was taught.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, this Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Court has carefully reviewed Plaintiff's complaint and concludes that it must be dismissed. Plaintiff states no cause of action against any Defendant. While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the

Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz*, 534 U.S. at 512 (citation omitted); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (explaining that a complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory") (citations and internal quotation marks omitted)). The complaint contains vague, disjointed facts, makes no reference to any statute or cause of action, and wholly fails to give any Defendant fair notice of the claim(s) against him. Therefore, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
4411.010